# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BENJAMIN URSIC,**

         **Petitioner,**

v.

**DAVID W. GRAY, Warden, Belmont Correctional Institution,**

         **Respondent.**

Case No. 2:20-cv-5503
Judge EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

Petitioner Benjamin Ursic seeks a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1.) He also filed a Motion to Stay proceedings in this Court so that he could exhaust claims in state court (ECF No. 4.) On August 20, 2021, the Magistrate Judge issued an Order denying the Motion to Stay and a Report and Recommendation recommending that the Petition be dismissed (ECF No. 15.) Petitioner appealed the Order's denial of the Motion and lodged Objections to the Report (ECF No. 16.) For the reasons set forth below, the appeal is **DENIED**, the Objections are **OVERRULED**, the Report is **ADOPTED**, and the Petition is **DENIED**.

### I. Factual Background and Procedural History

The Magistrate Judge accurately set forth the factual background and procedural history up until the Order and Report (ECF No. 15, PageID 779-82.) The Court incorporates that discussion by reference. As to the Motion to Stay, the Magistrate Judge concluded that there was no basis for the stay because "Petitioner has presented no unexhausted claims for relief." (*Id.* at PageID 784.)

> Further, none of the claims now pending in Petitioner's state post-conviction petition appear to be potentially meritorious as that term is defined in *Rhines*. Petitioner asserts in his state post-conviction petition some of the same claims he raised on direct appeal. Those claims most certainly will be barred from further review in post-conviction proceedings under Ohio's doctrine of *res judicata*.

(Order, ECF No. 15, PageID 784, citing *Rhines v. Weber*, 544 U.S. 269 (2005).) "Finally, Petitioner's post-conviction petition in state court has been stayed at his request for approximately one year, and Petitioner fails to explain the cause for such lengthy delay." (*Id*. at PageID 785.)

As to Claim One, Petitioner claims "that his convictions on felonious assault and failure to comply with the order or signal of a police officer violate the Double Jeopardy Clause" for two reasons. *First*, "the State failed to establish that he had a separate animus to injure each of the officers involved," and *second*, "the crimes involved a single continuous act or offense with no separate animus." (Report, ECF No. 15, PageID 787, citing Petition, ECF No. 1, PageID 6-7; Reply, ECF No. 7, PageID 757.) As to the first argument,

> Petitioner did not argue in the Ohio Court of Appeals that his convictions violate the Double Jeopardy Clause because the State failed to establish he had a separate intent to injure each of the officers involved. He only argued that the acts of felonious assault and failure to comply with the order or signal of a police officer involved one criminal offense. . . . Petitioner thereby has waived his claim that his convictions violate the Double Jeopardy Clause on the basis that the State failed to establish he had a separate intent to injure each of the officers.

(Report, ECF No. 15, PageID 788, citing State Court Record, ECF No. 5, PageID 120-21.)

As to the second argument, "[a]lthough the Ohio Court of Appeals limited its analysis to application of Ohio's allied offenses statute, that analysis is 'entirely dispositive' of a claim under the Double Jeopardy Clause, and the state court's decision obtains a deferential standard of review" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Report, ECF No. 15, PageID 793, citing Pub. L. 104-132, 110 Stat. 1214; Ohio Rev. Code. § 2941.25; *Henley v. Marquis*, No. 18-4209, 2019 WL 9047226, at *7 (6th Cir. Dec. 13, 2019) (citing *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014)); *State v. Ursic*, 7th Dist. Harrison No. 18 HA 0006, 2019-Ohio-

2

5088, at ¶¶ 6-18 (Dec. 9, 2019).) Noting that it is within the legislature's purview to within legislature's purview to establish multiple or cumulative punishments without running afoul of *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the Magistrate Judge was "not persuaded that the state appellate court's conclusion that evidence reflected separate criminal acts was unreasonable so as to justify federal habeas corpus relief." *Id*. at PageID 794.

Petitioner's second claim is that there was insufficient evidence to support his convictions for felonious assault (Report, ECF No. 15, PageID 795.) After setting forth the state court decision affirming the convictions (*id*. at PageID 795-97, quoting *State v. Ursic*, 2019-Ohio-5088, at ¶¶ 19-28), the Magistrate Judge concluded that

> Petitioner has failed to rebut the presumption of correctness afforded to the factual findings of the state appellate court. This Court has reviewed the record, including the relied-upon videotapes. Nothing contained therein assists him in establishing a claim of insufficiency of the evidence. So Petitioner cannot meet AEDPA's high standards, and claim two is without merit.

(*Id*. at , PageID 798, citing 28 U.S.C. § 2254(e)(1).)

## II.  Legal Standards

A Magistrate Judge has the authority "to hear and determine any pretrial matter pending before the court[.] . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205,

3

219 (6th Cir. 2019) (brackets in original), citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[A]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks and citations omitted).

Moreover, a District Judge may, as here, refer a dispositive matter to a Magistrate Judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition[.]" 28 U.S.C. § 636(b)(1)(B).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits . . . review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's [decision] are deemed waived")).

*Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### III. Analysis

#### A. Motion to Stay

Petitioner concedes that a stay is appropriate only if there is good cause for failure to exhaust, the unexhausted claims are meritorious, and there have been no dilatory tactics (Objections, ECF No. 16, PageID 801, citing *Rhines*, 544 U.S. at 277-78) He claims that "the Ohio Post-Conviction Relief process created confusion about the timeliness of the petition, and

4

this was further hindered by the Coronavirus Global Pandemic. These reasons function as satisfying the first prong of this test." (*Id.* at PageID 802, quoting *Pace v. DiGuglielmo*, 544 U. S. 408, 416 (2007).) He further argues that his claims are meritorious, emphasizing three of the claims: Ineffective assistance of counsel when counsel moved for dismissal, which led to re-indictment with additional felony charge (*id.* at PageID 802-03); violation of right against self-incrimination when he was shown body camera footage without being Mirandized (*id.* at PageID 803); and his private investigator was not available to testify at trial despite being paid to do so, in violation of his Sixth Amendment rights. (*Id.*) Finally, Petitioner claims that postconviction petition was stayed due to withdrawal of counsel and the need to develop new facts. Then, the pandemic delayed everything, including his ability to research or progress with his petition. Thus, he had not engaged in dilatory tactics (Objections, ECF No. 15, PageID 803-04.)

The Court need not address the first and third prongs of the *Rhines* test, because each of the claims identified by Petitioner above were or should reasonably have been available to him on direct appeal. Thus, as the Magistrate Judge noted, these claims are likely to be foreclosed from review by *res judicata* (Order, ECF No. 15, PageID 784), and they are not meritorious. As the Magistrate Judge's Order was not contrary to law, it is affirmed and Petitioner's appeal is denied.

### B. Petition

#### 1. Claim One

Petitioner states that, contrary to the Report's conclusion, Petitioner did argue to the state court, through his Assignment of Error on merger, that his convictions violated the Double Jeopardy clause because the State failed to establish that Petitioner intended to hurt each of the officers involved (Objections, ECF No. 16, PageID 804-05.) Specifically, he argues that

5

> [T]he court should consider that the two counts of Felonious Assault and the Failure to Comply with the Signal or Order of Police should have been merged for sentencing in their entirety resulting in one sentence of 4 years since they all stem from one identical animus or act, in compliance with the Double Jeopardy Clause.

(Objections, ECF No. 16, PageID 806.) This simple merger issue does not address the fact that he did not actually raise in state court that the trial court erred in sentencing him for multiple crimes without proving separate intent to injure each of the officers (Report, ECF No. 15, PageID 787.) Thus, the Magistrate Judge's conclusion that Petitioner had failed to exhaust was correct, and Petitioner's Objection is overruled.

As to the Magistrate Judge's conclusion that it was within the legislature's purview to enact cumulative sentences, and that the analysis ended there (Report, ECF No. 15, PageID 794), Petitioner argues that the Ohio analysis for allied offense determination controls (Objections, ECF No. 16, PageID 806.) In that analysis, "courts must ask three questions when the defendant's conduct supports multiple offenses: (1)Were the offenses dissimilar in import or significance? (2) Were they committed separately? And (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions." *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995, ¶ 31. Petitioner argues that all three questions are answered in the negative, and thus, the writ should be granted as to this sub-claim (Objections, ECF No. 15, PageID 806-07.)

The Court disagrees. As the Magistrate Judge correctly noted "the state appellate court thoroughly and reasonably analyzed the relevant state statutes and the evidence presented at trial." (Report, ECF No. 15, PageID 794.) The Seventh District Court of Appeals specifically analyzed the issue of merger pursuant to *Ruff. Ursic*, 2019-Ohio-5088, at ¶ 16. In so doing, it concluded that "the initial encounter concluded when pursuit was ended due to the officers' concerns about public safety. The second encounter on the hill was distinct both in time and place." *Id.* at ¶ 17.

6

This determination is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Petitioner's mere conclusory statement that the offenses were committed at the same time (Objections, ECF No. 16, PageID 806) is insufficient to rebut the findings and conclusion of the state court. As Petitioner concedes, "[a]n affirmative answer to any of the above will permit separate convictions." (*Id.*, quoting *Ruff*, 2015-Ohio-995, at ¶ 31.) Thus, the state court's determination was neither an unreasonable application of federal law, nor unreasonable in light of the facts presented, and Petitioner's Objection must be overruled.

### 2. Claim Two

Petitioner objects to the Magistrate Judge's conclusion that he failed to rebut the presumed correctness of the state appellate court's factual findings (Objections, ECF No. 16, PageID 807, quoting Report, ECF No. 15, PageID 798.) He claims that the statements of the officers that Petitioner started driving toward them when the officers were fifty yards away were contradicted by the body camera footage, which showed that the detectives were keeping their flashlights off so as to avoid detection, such that Petitioner did not notice them when they were within fifty yards. (*Id.* at PageID 808.) The state appellate court credited the officers' testimony that they announced their presence at approximately fifty yards away, and that Petitioner began driving towards them at that point. *Ursic*, 2019-Ohio-5088, at ¶¶ 26, 28. As the evidence must be construed in the light most favorable to the prosecution in evaluating a sufficiency of the evidence claim, *Wright v. West*, 505 U.S. 277, 296 (1992), citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), Petitioner has failed to meet his heavy burden as to this supposed discrepancy.

Petitioner also claims that the evidence unambiguously shows that he was turning his car around after being detected by the officers, thus proving that there was no intent to harm the

officers (Objections, ECF No. 16, PageID 808-10 (citations omitted).) Not so. As the Seventh District noted, there was body camera footage in which an officer stated that the Jeep was coming down the hill and, approximately forty seconds later, stating that Petitioner almost hit them with the vehicle and was turning the other way. *Ursic*, 2019-Ohio-5088, at ¶ 27. This evidence, when viewed in the light most favorable to the prosecution, supports the conclusion that Petitioner was attempting to strike the officers with the vehicle. As there is sufficient evidence to support the conviction, Petitioner's objection as to that portion of the evidence is unavailing.

Finally, Petitioner notes the discrepancy between the initial report filed by Deputy Sedgmer, which did not mention assault or any intent to injure on the part of Petitioner, with his testimony approximately eighteen months later, in which he stated that Petitioner had tried to hit them (Objections, ECF No. 16, PageID 810.) Petitioner argues that the report was more accurate because it was written shortly after the incident, when the events were still fresh in Sedgmer's mind, and thus should be credited over his testimony. (*Id.*). This would amount to a reweighing of the evidence, which, in a sufficiency of the evidence claim, a federal habeas court may not do. *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020), citing *Jackson*, 443 U.S. at 318-19. Petitioner cites the case of *Nash v. Eberlin*, in which the Sixth Circuit held that, when no one is injured in a confrontation with law enforcement, the only felonious assault crime of which one can be convicted is attempting to cause physical harm, which has a *mens rea* of knowingly (Objections, ECF No. 16, PageID 810-11, quoting Traverse, ECF No. 7, PageID 763; citing *Nash*, 258 F. App'x 761 (6th Cir. 2007).) As there was insufficient evidence to show that Petitioner "KNOWINGLY engaged in an overt act to assault the police officers using his vehicle as a deadly weapon[,]" (*id.* at PageID 811 (emphasis in original)), the conviction cannot be sustained. (*Id.*) The state appellate court rejected this argument, concluding that "when viewing the evidence in a light most favorable

to the state (the testimony from both deputies, Ranger Noice, the dash camera video, body camera video, and photographs of the scene) this evidence, if believed, was sufficient to establish that Appellant acted knowingly beyond a reasonable doubt." *Ursic*, 2019-Ohio-5088, at ¶ 28. This comprehensive assessment is entitled to double deference, *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009), and Petitioner has failed to meet his high burden to overturn it. Consequently, Petitioner's Objections must be overruled as to Claim Two.

    **C.**    **Certificate of Appealability**

In the alternative, Petitioner requests a certificate of appealability (Objections, ECF No. 16, PageID 812.) As there has not been a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), *Buck v. Davis*, 137 S. Ct. 759, 773 (2017), no certificate will issue.

**IV.**    **Disposition**

For the foregoing reasons, the Magistrate Judge's Report (ECF No. 15) is **ADOPTED** and Petitioner's Objections (ECF No. 16) are **OVERRULED**. The Petition (ECF No. 1) is **DENIED**, and judgment shall enter in favor of the Respondent and against Petitioner. Because reasonable jurists would not disagree with this conclusion, the Court certifies that any appeal would be objectively frivolous, and that Petitioner should not be allowed to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Date: October 12, 2021

                                                                       s/
                                                       EDMUND A. SARGUS, JR.
                                                       UNITED STATES DISTRICT JUDGE